UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOSE SILVA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:19-cv-00122-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY KIZZIAH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

*** *** *** ***

Federal inmate Jose Silva has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the enhancement of his federal sentence based upon a prior felony drug conviction. [R. 1] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In November 2013, Silva pleaded guilty in Chicago, Illinois to a single count of trafficking in crack cocaine in violation of 21 U.S.C. § 841(a)(1). The government filed a notice pursuant to 21 U.S.C. § 851 indicating that it would seek an enhanced sentence pursuant to 21 U.S.C. § 841(b)(1)(B) because Silva had a prior "felony drug offense," a 2008 Illinois conviction for possession of a controlled substance. The government also contended that Silva was a career offender pursuant to § 4B1.1 of the Sentencing Guidelines based upon numerous prior convictions for conduct involving drug possession, weapons possession, assault, attempting to

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Silva's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

stab a victim and for shooting two other persons. Prior to sentencing Silva challenged the validity of the § 851 notice and contended on numerous grounds that his prior Illinois conviction was not a proper basis to enhance his sentence under § 841. In March 2014 the trial court conducted a sentencing hearing. The court concluded that the § 851 notice was valid, resulting in a mandatory minimum sentence of 10 years imprisonment and a maximum sentence of life imprisonment. The court also concluded that Silva qualified as a career offender under the Guidelines based upon, at least, his prior Illinois convictions for aggravated fleeing and aggravated battery. The trial court imposed a sentence of 262 months imprisonment at the very bottom of the applicable Guidelines range. *United States v. Silva*, No. 1:13-CR-156-1 (N.D. Ill. 2013).

Silva appealed, but his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967) and moved to withdraw. The Seventh Circuit agreed that Silva had no nonfrivolous grounds to appeal, granted counsel's motion, and dismissed the appeal. *United States v. Silva*, 583 F. App'x 546 (7th Cir. 2014). In April 2016, Silva filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 contending that the enhancement of his sentence was improper in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The trial court denied the motion after the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017) that *Johnson* did not provide any grounds to invalidate the residual clause found in the advisory Sentencing Guidelines.

In his § 2241 petition, Silva contends that his prior Illinois conviction pursuant to 720 ILCS 570/402 for possession of a controlled substance is not a "controlled substance offense" as defined in 21 U.S.C. § 802(44) if the categorical match approach described in *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) is properly applied. Having thoroughly reviewed the petition, the Court must deny relief because Silva's claim is not cognizable in a § 2241 petition and because it is substantively without merit.

First, Silva may not assert his claim in a § 2241 petition. A prisoner may challenge the enhancement of his federal sentence in a § 2241 petition only in a narrow set of circumstances. To qualify, the petitioner must (1) have been sentenced under a mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines merely advisory; (2) point to a Supreme Court decision - issued after the petitioner's sentence became final and which is retroactively applicable to cases on collateral review - which establishes that as a matter of statutory interpretation one or more of his prior convictions were not for offenses that could properly be used to enhance his federal sentence; and (3) establish that the new decision could not have been invoked in an initial or successive § 2255 motion. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Silva does not meet these requirements. His sentence was imposed in 2014, long after *Booker* had rendered the sentencing guidelines advisory. A challenge to the enhancement of his sentence therefore fails to satisfy *Hill's* threshold requirement for cognizability. See *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* ... On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at *3-4 (E.D. Ky. Dec. 14, 2018), *appeal filed*, No. 19-5010 (6th Cir. 2019).

In addition, his claim under *Descamps* could and should have been asserted as grounds for relief at sentencing or on direct appeal, and his claim under *Mathis* could and should have been asserted in his initial § 2255 motion. *Descamps* was decided in 2013 before his sentence was imposed, and therefore cannot be asserted as grounds for relief at this late juncture. *Mathis*

3

was decided in June 2016, two months after Silva filed his initial § 2255 motion in April 2016. But his § 2255 proceedings continued for an additional year until the Supreme Court issued its opinion in *Beckles* in 2017. Silva thus had a "meaningful time to incorporate" his *Mathis* challenge to his sentence into his initial § 2255 proceeding, see *Hill*, 836 F.3d at 594-95, and therefore cannot show that his remedy under § 2255 was inadequate and ineffective to assert the same claims he now seeks to assert under § 2241. *Truss v. Davis*, 115 F. App'x 772, 774 (2004).

Silva's claim is also without merit. Silva contends that using the categorical approach described in *Mathis*, his prior Illinois conviction for drug possession does not constitute a "felony drug offense" as required to implicate the mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(B)(iii). This argument is misplaced. Neither *Mathis* nor the categorical approach discussed in that decision apply to the determination of whether a prior drug trafficking offense qualifies as a "felony drug offense." While *Mathis* applies to sentence enhancements under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1(a), it does not address or relate to sentence enhancements under § 841(b)(1).

To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (emphasis added). By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relate to" conduct involving drugs. Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001) ("[T]his court does not employ a categorical approach to determining whether a prior conviction constitutes a 'felony drug offense' for purposes of

section 841 (b)(1)."); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999).

The more complex analysis involved in cases governed by *Mathis* is simply not relevant to determinations under § 841(b)(1)(A). Cf. *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)). The United States Court of Appeals for the Sixth Circuit has repeatedly confirmed that *Mathis* is not applicable to sentences enhanced under § 841(b)(1)(A). *Smith v. Ormond*, No. 6: 18-012-DCR (E.D. Ky. Jan. 16, 2018), *aff'd*, No. 18-5101, 2018 WL 7143637, at *4 (6th Cir. July 30, 2018); *Hidalgo v. Smith*, No. 0: 17-CV-133 (E.D. Ky. Jan. 8, 2018), *aff'd*, No. 18-5230, at *4 (6th Cir. Sept. 20, 2018); *Romo v. Ormond*, No. 6: 17-CV-73-DCR (E.D. Ky. Sept. 14, 2017), *aff'd*, No. 17-6137, at *4 (6th Cir. Sept. 13, 2018); *McKenzie v. Ormond*, No. 17-CV-172-GFVT (E.D. Ky. Jan. 4, 2018), *aff'd*, No. 18-5072, at *4 (6th Cir. July 11, 2018).

Finally, the Court notes that federal courts within the Seventh Circuit have consistently held that an Illinois conviction for drug possession under 720 ILCS 570/402 constitutes a "felony drug offense" within the meaning of § 802(44). Cf. *United States v. Jackson*, 419 F. App'x 666, 671 (7th Cir. 2011) (citing *Burgess v. United States*, 553 U.S. 124, 129-33 (2008)); *Irizarry-Centeno v. Lockett*, No. 2: 12-CV-088-WTL-WGH, 2013 WL 3724813, at *3 (S.D. Ind. July 15, 2013) (collecting cases); *Ford v. United States*, No. 12-CV-2090, 2012 WL 2370678, at *2 (C.D.

5

Ill. June 21, 2012). Silva's sentence was therefore properly enhanced pursuant to 21 U.S.C. § 841(b)(1)(B).

Accordingly, it is **ORDERED** as follows:

1. Jose Silva's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 22d day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge